IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LINDSEY PRYOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | |
| PULMONARY & SLEEP | ) | |
| MEDICINE ASSOCIATES LLP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | / | |

## PLAINITFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, Lindsey Pryor (hereinafter "Plaintiff" or "Pryor"), and files her Complaint against the Defendant, Pulmonary & Sleep Medicine Associates LLP (hereinafter "Defendant" or "PSMA") and in support states as follows:

## NATURE OF THE CLAIMS

1.     This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").

1

2.     This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and relation against Plaintiff because of her disability and race leading to her unlawful termination.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the ADA and Title VII.

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

5.     Plaintiff, Pryor, is a citizen of the United States, and is and was at all times material, a resident of the State of Georgia, residing in Clayton County, Georgia.

6.     Defendant, PSMA, is a Domestic Limited Liability Limited Partnership with its principal place of business in Stockbridge, Georgia.

7.     Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8.      Plaintiff has complied with all statutory prerequisites to filing this action.

9.      On August 25, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10.      Plaintiff's EEOC charge was filed within one hundred and eighty days after the alleged unlawful employment practices occurred.

11.      On February 26, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

12.      This complaint was filed within ninety days of the issuance of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS
*Allegations as to Disability-Based Discrimination*

13.      Plaintiff is a disabled female.

14.      At all times material, Plaintiff suffered from tachycardia, anxiety and depression.

15.      Plaintiff's disabilities impact her major life activities including but not limited to sleeping and eating.

16.     Plaintiff was a full-time employee who regularly worked at least forty (40) hours per week.

17.     Plaintiff satisfactorily performed the duties and requirements of her job position.

18.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

19.     At all times material Defendant was on notice of Plaintiff's disability and specifically, Plaintiff's supervisor Tara Trollinger was aware of Plaintiff's disability.

20.      In July 2020, Plaintiff was out of work for approximately two days due to an anxiety attack.

21.     In mid-July Plaintiff's anxiety again flared while she was at work and Plaintiff was forced to go to the emergency room where doctors required her to be out of work for approximately two days. During this time Plaintiff kept Defendant apprised of her situation and provided medical notes.

22.      Plaintiff advised Defendant she had an appointment for a stress test scheduled on July 22, 2020.

23.     Following the July 22, 2020 appointment Plaintiff provided Defendant a copy of the doctor's note advising that she was to be out of work only until July 24, 2020.

24.     Defendant refused to honor Plaintiff's doctor note permitting Plaintiff to return to work on July 24, 2020 and instead Barbara Boyd told Plaintiff if she did not return to work on July 23, 2020 she would be terminated.  Plaintiff had no choice but to abide by her doctor's orders.

25.     Permitting Plaintiff one additional day of leave as a reasonable accommodation would not have created an undue hardship for Defendant.

26.     Defendant failed to engage in the interactive process with Plaintiff.

*Allegations as to Race-Based Discrimination*

27.     Plaintiff identifies as African American and Hispanic.

28.     Plaintiff was treated in a disparate manner due to her race including but not limited to:

a. when she was drawing blood on a patient and Cora (last name unknown) (Caucasian) came into the treatment room specifically to watch Plaintiff. This particular patient was dehydrated and thus it was difficult to access the patient's veins.  Cora demanded to take over but was also not able to complete the blood draw.  By contrast,

non-African American/Hispanic employees such as Tracy (last name unknown) who was a new hire was not treated in this manner.

b. Plaintiff was inputting patient information into the computer system and Cora asked her briskly "what are you." Trying to avoid any escalation Plaintiff responded "Black and Puerto Rican." Cora then responded, "oh I have a black cousin." This exchange has no place in the work environment and is discriminatory. Defendant attempts to downplay Cora's comment but there is no question that it was intended to target, harass, rattle, and discriminate against Plaintiff.

c. On at least one occasion Plaintiff and her African American colleagues were engaging in office small talk. Regina Plemons (Caucasian) directed the group to stop talking, which they did. Ms. Plemons then walked to the front desk and began office small talk with a group of Caucasian employees about cakes – a matter completely unrelated to any work matters.

d. Further, Caucasian employees were more often than not assigned to work behind the desk, which is a much less laborious position than patient care including pulling patients back, getting X-rays, preforming spirometry, drawing blood, and giving injections all

assisting the doctor – those tasks were assigned to African American employees.

*Allegations as to Both Race and Disability Based Discrimination*

29.     Defendant terminated Plaintiff in part due to Plaintiff's disability.

30.     Defendant terminated Plaintiff in part to retaliate against Plaintiff for requesting the reasonable accommodation of a brief medical leave.

31.     Defendant terminated Plaintiff in part due to her race.

32.     Defendant terminated Plaintiff in part to retaliate against Plaintiff for engaging in protected activity.

33.     Plaintiff has been damaged by Defendant's illegal conduct.

34.     Plaintiff has retained the services of undersigned counsel and has agreed to pay counsel reasonable attorneys' fees.

**Count I: Disability Discrimination/Failure to Accommodate
in Violation of the ADA**

35.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, 29-34 above.

36.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

37.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

38.    Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

39.    Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's disability.

40.    Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's disability.

41.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

42.    Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of the ADA

43.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, 29-34 above.

44.    Plaintiff engaged in protected activity under the ADA on more than one occasion while employed by Defendant.

45.    Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

46.    Defendant's conduct violated the ADA.

47.    Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA.

48.    Defendant's conduct violates the ADA.

49.    Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

50.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

51.    Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## Count III: Race Based Discrimination in Violation of Title VII

52.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-12, 27-34 above.

53.    At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

54.    At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race, African American.

55.    During the course of Plaintiff's employment with Defendant, Defendant, by and through its agents and employees, discriminated against Plaintiff in the terms, conditions and privileges of employment in various ways, in substantial part because of his race in violation of Title VII.

56.    Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendant's unlawful employment practices.

57.    As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress.

58.    Plaintiff is entitled to general and compensatory damages.

59.     Defendant's conduct was willful, wanton, malicious and done in reckless disregard for the well-being of Plaintiff.  Plaintiff is entitled to punitive or exemplary damages.

### Count IV: Retaliation in Violation of Title VII

60.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-12, 27-34 above.

61.     At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

62.     Section 704(a) of Title VII prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter."  42 U.S.C. §2000e-3(a).

63.     During the course of Plaintiff's employment with Defendant, Plaintiff escalated his concerns regarding unfair treatment and/or favoritism toward non-African American employees, specifically, about being overlooked for a promotion in favor of a Caucasian employee.

64.     As a result of Plaintiff's complaint, Defendant, by and through its agents and employees, took materially adverse actions against Plaintiff including, but not limited to, terminating his employment.

65.     Defendant's adverse actions were close in temporal proximity and constitute retaliation under Title VII.

66.     As a direct, legal and proximate result of Defendant's retaliation, Plaintiff has sustained and will continue to sustain, economic and emotional injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)     Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Dated: May 27, 2021                    Respectfully Submitted:

*/s/* **Gary Martoccio**
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*

CERTIFICATION: The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1.5 inch top margin in accordance with LR 5.1B, N.D.Ga.